IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50440
Summary Calendar
_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL JOHN NELSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-93-3
--------------------
November 7, 2002

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Michael John Nelson appeals his conviction and 78-month
sentence for conspiracy to manufacture methamphetamine. Nelson
asserts that the evidence is not sufficient to support the jury's
verdict that he was a participant in the conspiracy. Nelson
argues that the only evidence linking him to the conspiracy was
the testimony of a coconspirator, who is not reliable, who has a
prior conviction for lying to the Government, and who testified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to obtain a lenient sentence. Nelson contends that he was merely present when the police executed a search warrant.

We review the record to determine "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). We view the evidence "in the light most favorable to the government," and we draw all reasonable inferences and make all credibility choices in support of the verdict. Id. To establish a drug conspiracy under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt that two or more persons had an agreement to violate the narcotics laws, that the conspirator had knowledge of the conspiracy and intended to join it, and that the conspirator voluntarily participated in the conspiracy. United States v. Inocencio, 40 F.3d 716, 725 (5th Cir. 1994).

Nelson's coconspirator's testimony is sufficient to establish his guilt because it is not incredible as a matter of law. United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994). The jury determines the credibility of the witnesses and was free to accept the coconspirator's testimony over that of Nelson. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). In addition, although Nelson's mere presence at the scene is insufficient to establish his guilt, the jury was free to find "knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other

than a knowledgeable participant to be present." <u>United States v. White</u>, 219 F.3d 442, 447 (5th Cir. 2000); <u>United States v. Evans</u>, 941 F.2d 267, 272 (5th Cir. 1991).  Accordingly, the judgment of the district court is AFFIRMED.